959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane Angelo WOMBLE, Defendant-Appellant.
 No. 90-50668.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided April 2, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Womble was convicted of one count of distribution of cocaine and one count of possession of cocaine with intent to distribute. He presents seven arguments on appeal; none requires reversal.
 
 
 4
 A. Even assuming that Womble's statement to Officer Rickman that he lived at 799 Lace Place was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), Officer Rickman's testimony about it is harmless error. See United States v. Disla, 805 F.2d 1340, 1346-48 (9th Cir.1986) (admission of defendant's statement about address harmless beyond reasonable doubt). Other evidence established Womble's residence at 799 Lace Place, the most convincing being Officer Collier's testimony--without defense objection--that Womble said he lived there. In addition, Womble possessed keys, one of which the jury could have found was to the front door of 799 Lace Place and another of which the jury could have found was to a cash box found in the house.
 
 
 5
 B. Womble argues that the government violated Fed.R.Crim.P. 16(a)(1)(A) by not disclosing before trial Womble's statement to Officer Rickman about his address. Rule 16 requires disclosure of oral statements of the defendant that the government possesses and intends to use at trial; here, Officer Rickman's testimony concerning Womble's statement was elicited on cross-examination, not by the government.
 
 
 6
 C. Womble contends his statement to Officer Collier that his mother had nothing to do with the drugs found in the house was obtained in violation of Miranda. Womble volunteered this statement after he discovered that his mother had been arrested. While a police ploy of falsely arresting one person to obtain another's confession or beating someone in front of another to obtain the confession would taint it, that is not what happened here. The police had probable cause to arrest Womble's mother; the fact that they did so does not render Womble's statement involuntary.
 
 
 7
 D. Womble argues that the parole officer was a stalking horse for the police; that the search of the house was conducted without a warrant; and that the fruits from that search should thus be excluded. The initial premise is incorrect. A parole officer is entitled to search a parolee's house without a warrant, and even without probable cause. All that is necessary is that he "reasonably believes that [a] search is necessary in the performance of his duties.... His decision may be based upon specific facts ... [and] may even be based on a 'hunch.' " Latta v. Fitzharris, 521 F.2d 246, 250 (9th Cir.1975). Here, the parole officer discussed the situation with the police officers who arrested Womble; they told him of the arrest and of Womble's conversation with other defendants concerning drugs in the house. With this information, the parole officer was entitled to institute a search.
 
 
 8
 E. Womble contends that insufficient evidence supports his conviction on Count 2. Viewing the evidence in the light most favorable to the government, the jury could have found: that Womble lived at the house; that a large amount of cocaine was in the house; that Womble possessed a key that opened a cash box found in the house with $9,000 in it; and that Womble's connection to the cash box connected him to the cocaine, as the two often go hand in hand.
 
 
 9
 The most damaging evidence connecting Womble to the cocaine is Womble's statement to Officer Collier. After Womble's mother was arrested, Womble asked Officer Collier what she had been charged with; Collier responded, "maintaining a place for the manufacturing of narcotics." According to Collier, Womble then stated "[t]hat his mother didn't know anything about it." From Womble's statement, the jury could have found the converse to be true--that Womble did know something about the drug operation, and was involved in it.
 
 
 10
 F. Womble argues that there was a chain of custody problem with the cocaine that was the subject of Count 1. This argument goes to the weight of the evidence and thus is within the jury's province. The court did not prevent Womble from arguing the point to the jury; the jury simply found against Womble.
 
 
 11
 G. Womble argues that the federal prosecution here was a violation of his due process rights. The decision to go forward with a prosecution by the federal government when it has probable cause to believe that a violation of federal law has occurred is not a due process violation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Michael R. Hogan, United States District Judge, District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3